FILED

May 6 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0413

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 156N

THOMAS KELLEY,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DV-06-1227(c)
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Thomas Kelley, (self-represented litigant); Deer Lodge, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

            Submitted on Briefs:  March 25, 2009

                  Decided:  May 5, 2009

Filed:

           _____
                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Self-represented petitioner Thomas Michael Kelley (Kelley) appeals from the order of the Eighth Judicial District Court, Cascade County, denying his petition for postconviction relief.  We affirm.

¶3    The State charged Kelley with criminal mischief, burglary, criminal possession of dangerous drugs, criminal possession of drug paraphernalia, and theft after an early morning break-in at a pet store in Great Falls, Montana.  Kelley pleaded not guilty to the charges, and the District Court appointed Megan Lulf-Sutton from the public defender's office to represent Kelley.  Following her appointment, Lulf-Sutton filed a motion for an immediate hearing due to Kelley's dissatisfaction with her representation.  The District Court held a hearing on Kelley's complaints and thereafter, appointed Joe Gilligan to represent Kelley.

¶4    Following a jury trial, Kelley was convicted of theft, possession of dangerous drugs, and possession of drug paraphernalia.  Kelley was found not guilty of burglary and criminal mischief.  Judge Kenneth R. Neill from Cascade County sentenced Kelley to ten years in the Montana State Prison for theft, six months in jail for possession of dangerous

2

drugs, and six months in jail for possession of drug paraphernalia, the sentences to run concurrently. Kelley was not eligible for parole due to his extensive criminal history and use of aliases. We affirmed Kelley's conviction in *State v. Kelley*, 2005 MT 200, 328 Mont. 187, 119 P.3d 67, in which we addressed whether the evidence was sufficient to support Kelley's theft conviction.

¶5 On August 25, 2006, Kelley filed a motion for postconviction relief in which he raised numerous issues, including complaints against Judge Neill, attorneys Lulf-Sutton and Gilligan, the State, the jury, and the police. Kelley also amended his petition to include a due process claim and a claim against the public defender system in general. Judge Dirk Sandefur received Kelley's petition for postconviction relief but recused himself from the case; Judge Neill assumed jurisdiction. Thereafter, Kelley filed a motion requesting that Judge Neill recuse himself from the postconviction proceedings. In substance, Kelley alleged that Judge Neill was biased as demonstrated by the sentence he imposed. Judge Neill denied Kelley's recusal request and, after substantively addressing each of Kelley's numerous complaints, denied his motion for postconviction relief. In the order denying Kelley's petition, Judge Neill explained that postconviction relief is not a substitute for issues that could have been addressed on direct appeal. Judge Neill also noted that Kelley failed to provide affidavits, records, or other evidence to support his complaints in his petition for postconviction relief. In addition, Judge Neill concluded that Kelley's counsel did not render ineffective assistance. In sum, the District Court rejected each of Kelley's complaints.

¶6    Kelley appeals the denial of his petition for postconviction relief. Kelley's primary argument is that Judge Neill should have recused himself from the postconviction proceedings. Kelley also argues that attorneys Lulf-Sutton and Gilligan rendered ineffective assistance of counsel.

¶7    We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. Ineffective assistance of counsel claims contain mixed questions of law and fact which we review de novo. *Whitlow*, ¶ 9.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court correctly denied Kelley's petition for postconviction relief. Most of Kelley's claims could have been raised on direct appeal and are thus, procedurally barred pursuant to § 46-21-105(2), MCA. It is also manifest on the briefs and the record before us that Kelley has failed to demonstrate that he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

¶9    Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE